UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | |
| **vs.** | **CIVIL NO.**  2:21-cv-564 |
| **DONNA RAYNOVICH** | |
| **Defendant** | |

## <u>COMPLAINT</u>

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Rebecca A. Solarz of KML LAW GROUP, P.C., represents as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.      The last-known address of the Defendant, DONNA RAYNOVICH ("Defendant") is 127 Valvoline Road, East Butler, PA 16029.

3.      On or about February 28, 2007, at the special instance and request of DONNA RAYNOVICH, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Defendant the sum of $104,196.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4.      As evidence of the indebtedness, Defendant have executed and delivered to the Plaintiff, a Promissory Note dated February 28, 2007 in the amount of $104,196.00.  A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5.      Defendant, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about February 28, 2007, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on March 07, 2007 with the Office of the Recorder of Deeds, Butler County, Pennsylvania, in Instrument # 200703070005262.  A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6.      The Promissory Note dated February 28, 2007 was re-amortized on January 28, 2017, in the amount of $108,131.53. The original Reamortization Agreement referred to above has been either lost or misplaced and, in any event, cannot be located. In substitution, we are enclosing a copy of the Reamortization Agreement together with an attached Affidavit of Lost Reamortization Agreement, marked Exhibits "C" and "D".

7      Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

8.      The property secured by the Mortgage is known as 127 Valvoline Road East Butler, PA 16029 and is more fully described in the legal description attached and incorporated as Exhibit "E" ("Property").  The property subject to foreclosure is within the jurisdiction of this Court.

9.      The Note and Mortgage are in default as Defendant have failed or refused to comply with the provisions of the Note and Mortgage, as follows:  (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

10.     Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

11.     The amounts due and owing to Plaintiff on the Note and Mortgage are as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $108,131.53 |
| Interest from 01/28/2017 to 04/15/2021 at 5.7500% | $26,198.97 |
| Interest Recapture | $13,882.18 |
| Late Charges | $103.56 |
| | $148,316.24 |
| Escrow / Impound Requires | + $457.01 |
| Fees Required with Payoff Funds | + $1,857.18 |
| Fees Currently Assessed | + $19,433.64 |
| | $170,064.07 |

12.     Notice of Intention to Foreclose pursuant to Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 (as amended in 2008), and/or Notice of Intention to Foreclosure as required by the terms of the Mortgage, as applicable, have been sent to the Defendant(s). Copies of the notice(s), redacted to remove confidential account information, are attached hereto as Exhibit "F" and made a part hereof.

13.     No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of

the action have been performed or have occurred. Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

        **WHEREFORE**, the Plaintiff demands judgment as follows:

        Defendant and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same;  the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

                    United States of America by and through
                    its specially assigned counsel
                    KML Law Group, P.C.

                    By: /s/Rebecca A. Solarz, Esq.
                    Rebecca A. Solarz, Esquire
                    BNY Independence Center
                    701 Market Street
                    Suite 5000
                    Philadelphia, PA 19106-1532
                    (215)627-1322
                    Rsolarz@kmllawgroup.com